

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 1, 1949

Mrs. Ella Mae Murphy
Vice-President
State Board of Hairdressers
and Cosmetologists
Austin, Texas

Opinion No. V-869

Re: The legality of licens-
ing a portable barber
and beauty service
which does not have a
permanent business lo-
cation.

Dear Mrs. Murphy:

Reference is made to your recent request which reads in part as follows:

"Please advise this department as soon as possible if we would be within the law in licensing the Southwest Portable Barber and Beauty Service Company to operate a unit such as described in the attached circular.

"The address given on the application reads 'Dallas hospitals and hotels' and the question on the application blank as to ap- proximate floor space of the shop was an- swered 'portable on wheels.'"

Sections 10 (a) and 14 (c) of Article 734b, V.P.C., provide in part as follows:

"Sec. 10. (a) . . . It shall be unlawful for a person, firm or corporation to operate a beauty shop or a beauty school as defined in this Act unless the same is a bona fide estab- lishment with a <u>permanent and definite loca- tion</u> completely and permanently separated by solid walls with no openings from rooms used wholly or in part for residential or sleeping purposes. . . ."

"Sec. 14. (c) The establishment of itin- erant shops is hereby expressly prohibited, and it shall be unlawful for any person, firm or corporation to operate a beauty shop as de- fined in this Act, unless the same is a bona

> fide establishment with a permanent and def-
> inite location. Any license granted under
> the terms of this Act shall permit the licen-
> see to practice in only such bona fide estab-
> lished beauty shop; . . ." (Emphasis added.)

We believe under the plain provisions of the above quoted sections, that before an applicant can be granted a license to operate a beauty shop, he must show the Board that he has a permanent and definite location for such shop. This provision has remained in the Stat- utes unchanged since 1935. There are several reasons why such a requirement is made, one of which is in order that the State Board of Cosmetologists may inspect said location to see if it conforms to the sanitary rules and regulations such as proper ventilation, lighting and running hot and cold water, as well as the other provisions of the law. Also, if there were no definite and permanent location for beauty shops, the State inspectors could never make proper inspections as required by law. More- over, to permit such a practice would amount to nothing more than the licensing of an itinerant shop, which is expressly prohibited under the plain provisions of the Act. It is apparent from the applicant's application that he does not have a permanent and definite location.

In view of the foregoing, we agree with your conclusions that the State Board of Cosmetologists is not authorized to issue a license to operate a beauty shop where the applicant has no permanent and definite location.

Section 18 of Art. 734b, V.P.C., provides in part that:

> "Provided, further, that nothing in this
> Act shall prohibit a person licensed under
> this Act from performing duties as prescribed
> by this Act in the home of a customer in cases
> of emergency when sent by a shop owner. . ."

We believe that the above provision tends to strengthen us in our conclusion since the Legislature provided that in cases of emergencies a person who is a licensed beauty operator may perform all the duties prescribed by this Act in the home of any customer when sent by a shop owner. We believe that such provision is broad enough to include hotels and hospitals. However, the person performing such services must be a duly licensed operator and sent by a shop owner.

## SUMMARY

The State Board of Cosmetology is not authorized to issue a license to operate a beauty shop where such shop does not have a permanent and definite location.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

APPROVED *Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL

BA:bh:jrb